Julian Samuels
Priosn Number 57712-066
F.M.C. Devens Prison
P.O. Box 879
Ayer, MA 01432

Pros Se Plaintiff

**05-40217** ⸱ ⁄

## UNITED STATES DISTRICT COURT

### DISTRICT OF MASSACHUSETTS

JULIAN SAMUELS,                         )
                                            )    Civil Docket
        Pro Se Plaintiff,    )
                                            )    Number _____
          v.                 )
                                            )
UNITED STATES OF AMERICA,                )    Judge _____
  ON BEHALF OF THE FEDERAL               )
  BUREAU OF PRISONS,                     )    Trial by Court
  F.M.C. DEVENS PRISON,                  )
  AYER, MA 01432                         )    Demanded
                                              )
            Defendant.   )
                                      )

## Complaint Filed with Attached

## Motion for Declaratory Judgment

Julian Samuels, Pro Se Plaintiff, hereinafter (Plaintiff) for the complaint alleges on personal knowledge as to his own acts and otherwise upon information and belief as follows:

### Introduction to the Parties and the Nature of the Complaint

1. Respectfully, the Plaintiff was placed in federal detention at the Federal Medical Center, Devens (hereinafter Devens), located in Ayer, Massachusetts 01432 on or about February 2005. The Plaintiff was held in the Federal Bureau of Prisons (hereinafter BOP) Federal Corrections Institute, Fairton (hereinafter Fairton), located in Fairton, New Jersey, before transfer to Devens prison.

### The Defendant is the United States of America on Behalf of the Federal Bureau of Prisons, Federal Medical Center, Devens Prison

2. The Defendant is the United States of America on behalf of the BOP, Devens prison. The Defendant removed the Plaintiff from Fairton prison on or about February 2005 and placed him at Devens prison in order to be part of the Devens new Sex Offender Management Program (hereinafter SOMP). Title 18 U.S.C. § 3621 grants the BOP the authority to establish programs deemed necessary to assist in the correctional management of inmates. See: Exhibit 1, attached hereto; end point BOP Washington, DC Main Central Office remedy appeal response dated November 4, 2005 and signed by Harrell Watts, Administrator of National Inmate Appeals.

**The Complaint and Attached Motion for a Declaratory Judgment is Filed Under the Question of the BOP Authority to Place the Plaintiff into the Devens SOMP when the Plaintiff's History does not Meet the Standard Required for Placement into the Devens SOMP Wherein the Plaintiff Should be Returned to his Parent Institution, Fairton Prison Based on Prior Rulings in the U.S. District Court**

3.    The instant action and attached motion for a declaratory judgment is filed at parig the Honorable Court's BASED On support of other federal District Courts who have set the required standard for the BOP authority to place the Plaintiff in the Devens prison SOMP.

4.    The Plaintiff will discern below under the factual allegations, the standard that was set by other federal District Courts that prove the Plaintiff should now be removed from the Devens SOMP. The Plaintiff's instant conviction does not allege any sex offender misconduct.

## Jurisdiction and Venue

5.    This Court has jurisdiction over the subject matter of the action pursuant to Title 28 U.S.C. § 1331; federal question with Title 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment. The Plaintiff has complied with Title 42 U.S.C. 1997E(a) under the Prison Litigation Reform Act pursuant to Booth v. Turner, 149 L Ed 2d 958 (2001). The Plaintiff has exhausted the required BOP remedies regarding the subject matter of the instant action. The Plaintiff did complete the three levels of exhaustion of the BOP

remedies with Devens' Warden, thereafter with the BOP Northeast Regional Director, thereafter with the Plaintiff's end point completed remedy exhaustion with the BOP Washington, DC Main Central Office. The Plaintiff is suffering with actual injury by the placement in the BOP SOMP with some five hundred sex offenders who are <u>sick</u> and in need of treatment. The Plaintiff is <u>not sick</u> and should not be held in detention with over five hundred <u>sick sex offender inmates</u>.

## Venue

6.    The Court has venue over the Defendant wherein the complaint allegations took place at Devens prison that is located in the Court's judicial district.

## Factual Allegations

7.    The Plaintiff alleges that the facts and evidence in the instant action are on point with the third federal District Court ruling in <u>Simmons v. Nash</u>, 361 F Supp 2d 452 (D NJ 2005), Judge Joseph E. Irenas. In the above District Court ruling, the Court ordered the BOP to remove inmate Simmons from the BOP sex offender management program.

### The Plaintiff Does Not Meet the Standard for the BOP Devens SOMP and Should be Removed from the Program

8.    The Plaintiff alleges that the BOP acted in error by setting forth that his classification under the provisions of Title 18 U.S.C. § 4042(c) provided authority to place the Plaintiff in the Devens SOMP program. The Plaintiff claims that his instant conviction has no involvement or attachment to any kind or type

-4-

of sex allegation.

9.   The Plaintiff alleges that the BOP acted in error by the placement of the Plaintiff into the Devens SOMP based on some kind of reference on the Plaintiff's presentence report regarding a State Court old conviction that took place in 1994 in the Common Pleas and Municipal Court's of Philadelphia, docket number **c94-18-028214 cp 9405-4174**, Judge Lehrers, Commonwealth of PA v. Julian Samuels. See: Exhibit 2.

10.   The Plaintiff alleges that his BOP classification as a sex offender based on the above 1994 conviction in th State Court is outside the Congressional intent of 18 U.S.C. § 4042(c). The Plaintiff claims that the Congressional intent under 18 U.S.C. § 4042(c) requires the BOP to only use the Plaintiff's instant conviction for placement into the Devens SOMP.

**The U.S. District Court for the District of New Jersey Interpreted the Controlling SOMP Classification Authority Statute Title 18 U.S.C.§ 4042(c) that Prevents the Placement of the Plaintiff in the Devens SOMP under his Prior 1994 State Conviction**

11.   The case summary in Simmons v. Nash, 361 F Supp 2d 452 (D NJ 2005), Judge Irenas, set forth the following discernment regarding the BOP Devens use of Title 18 U.S.C. § 4042(c) to place the Plaintiff into the SOMP based on his prior 1994 State conviction that has no attachment to his instant federal conviction and sentence on July 19, 2004; case number **03cr00503**, trial Judge Schiller, Eastern District of Pennsylvania, U.S. District Court.

12. The <u>Nash</u> Court ruled by setting forth:

"This is the first case we can remember seeing in which a Petitioner has successfully challenged his classification by the Federal Bureau of Prisons BOP as a sex offender. The core issue was whether a prisoner could be classified as a sex offender under the provisions of 18 U.S.C. 4042(c) based solely on the crime for which he was currently serving time or whether such classification could be based on a prior federal or state conviction."

13. In the above <u>Nash</u> Court ruling the federal District Court Judge Irenas decided that Title 18 U.S.C. § 4042(c) did not vest the Attorney General with authority to determine whether the statutory language applied only to a current crime of conviction and not the prior conviction of a defendant.

14. The Plaintiff's instant conviction that is under appeal deals with allegations of dealing with drugs. The instant Plaintiff's federal conviction has nothing at all involved in any kind of sex offense. The authority under 18 U.S.C. § 4042(c) prevents the placement of the Plaintiff into the BOP Devens SOMP.

## Wherefore the Plaintiff Demands the Following Remedy

15. The Honorable Court's ruling to remove the Plaintiff from the BOP Devens SOMP by declaratory judgment.

Respectfully submitted,

on this _7_ day of December, 2005

by: _____
Julian Samuels
Pro Se Plaintiff

-6-

## Exhibits

1.  November 4, 2005 end point BOP remedy response from the BOP, Washington, DC Main Central Office with the Plaintiff's August 24, 2005 remedy appeal.

2.  Commonwealth of PA v. Julian Samuels record of conviction from 1994.

3.  Copies of the Plaintiff's Administrative Remedies to the Head of SOMP, BP-8, BP-9, BP-10.

MUE·11/17/05

JULIAN SAMUELS, 57712-066
DEVENS FMC    UNT: J SOMP    QTR: J01-114U
P.O. BOX 880
AYER,  MA 01432

Exhibit ①

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: _Samuels, Julian K._      _57712-060_      _JA_      _F.M.C. Devens_
       LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL**

See attachments...

_8/24/05_
    DATE                                                SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____
DATE

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE

GENERAL COUNSEL

CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
         LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____
DATE

P LVN                          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982

Samuels, Julian K.     57712-066    Ja    F.M.C. Devens

DAte:  August 24, 2005

Continuation of Central Office Administrative Remedy Appeal
CAse #377310-R2

Request to vacate and remand the B.O.P. NorthEast Region and F.M.C.
Deven Winn denial's of this remedy.

I must be removed from the B.O.P., F.M.C Devens S.O.M.P. Program
based on the Facts of my prior case regarding the sex offender status,.
questions.

The sex offender management program interprets a sex offender with
minors not adults. My prior conviction shows the lady was not a minor
at time of offense( her age was 17 ), Under PA. Statute she would not be
consider a minor because the legal Age of consent is 16.

The conviction further discern that it was a one time incident of
misconduct with no further misconduct for over ten years. The State
of Pennslyvania D.O.C. Recommended me for parole on numerous times
and went through all programs (sex offender) constitantcy and adherance
to qualify for recommendation for institutional approvement for parole.
My History does not fall under B.O.P. S.O.M.P program, also Pa. laws
did not require to register as a Predator, but as regular sex offender
( 10 year registration period.).

I am suffering damage's by holding me in the S.O.M.P. program. I am
being unfairly predjuiceD by doulbe scurtiny and being treated as a
person who is convicted of a federal sex offense and not a person who
was convicted of state sex offense, punish and sevred his full sentence
and recieved numerous recommendations from two different institutions
for parole. A person who was treated in the state for crime committed
in the state, A person who met every requirement to be deem parolable!

I have been deprived education programs and B.O.P. employment( Unicor )
to assist with the payment of my fine, in which my family has been
paying not me; because of no opportunity to make enough money to equate
a $25 every three months( figuratively)). I can not miss a payment
because it would have negative effects on record and penalties, that
are available at other B.O.P Prisons. The transfer from F.C.I. Fairton
to F.M.C. Deven has damaged my family ties. The B.O.P. mission statement
discerns the need for me to maintain my family ties. My transfer to
Devens prison has put an unnecessary strain on my mother who is unable
to travel long distances, because of a serious illness and the medication
that she takes, You compare a 2 ½ hour drive to 5 hour drive under
medication that makes you drowsy, but is a necessity to live.

In short I am asking to be transferred back to my parent institution
and be relieved of being forced to participate in a program that is not
ordered from my sentencing Judge, for a crime of narcotics and firearm
violations; not sex offenses.

                                        Sincerely,

                                        Julian Samuels

cc: Central Office
    Julian Samuels
    files

**Administrative Remedy No. 377310-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you request to be removed from the Sex Offender Management Program (SOMP) and returned to your parent institution.

Our review reveals the Warden and Regional Director adequately responded to the issue raised in your appeal. Title 18, United States Code, Section 3621 grants the Bureau of Prisons the authority to establish programs deemed necessary to assist in the correctional management of inmates. The SOMP was established to evaluate the treatment and supervision needs of all eligible inmates and offer and/or recommend specialized sex offender management and treatment services based upon those needs. Program Statement (P.S.) 5100.07, Security Designation and Custody Classification Manual, states that the Sex Offender Public Safety Factor (PSF) shall be applied when an inmate whose behavior in the instant offense or prior history includes any sexual contact with a minor or other person physically or mentally incapable of granting consent (indecent liberties with a minor, statutory rape, sexual abuse of the mentally ill, rape by administering a drug or substance).

Records indicate you have a prior conviction for Rape and Corruption of Minors and a Sex Offender PSF has been properly assigned to your Custody Classification Form. The SOMP is a mandatory management program for inmates with a Sex Offender PSF. Accordingly, we find your placement in the SOMP appropriate.

Your appeal is denied.

_____    _____
Date                         Harrell Watts, Administrator
                             National Inmate Appeals

```
32141                        COURTS OF PHILADELPHIA              DATE 09/17/03
==DT 09/26/03                    COURT HISTORY                      PAGE 1
IOM  707
                                                    Exhibit (2)

ME- SAMUELS, JULIAN                          POLICE NO.  726182
     00600 LUZERNE      ST                   STATE  NO.
     PHILA.     PA 19124                      BIRTH DATE 10/20/73
                                             SEX M RACE AFRICAN AMERICAN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
    T H E   F O L L O W I N G   A R E   A C T I V E   C P   C A S E S
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
:02-19-051394 CP#0304-0660 1/1 JUD-              ARST-11/21/02  TRL-08/19/03
!ISOMER/N.B.D.                                   SCH TRL. 707  09/26/03
TTY  MARTIN,KATHLEEN             - UNKNOWN AT CONVERSION
  MFG/DEL/POSS W/I M/D/C S
  CARRY FIREARMS W/O LIC
  CAR FIRE ARMS PUB ST/PL
  POSS ARMS-CONV CRIM VIOL
  POSS INSTRUMENTS CRIME
  KNOW/POSS CONTROLLED SUB
  POSS FIREARM ALT SER NUM


<*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*
- - - - - - - - - - - - - - - - - - - - - - - - - - ,- - - - - - - - - - -
    T H E   F O L L O W I N G   A R E   D I S P O S E D   C P   C A S E S
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
:94-14-006069 CP#9402-1561 1/1 JUD-GLAZER,G      ARST-01/28/94  SNT-07/14/94
TTY  DEFENDER ASSOC.
  CRIMINAL CONSPIRACY       NOLLE PROS
  CARRY FIREARMS W/O LIC    NOLLE PROS
  FIREARM W/O LICENSE-AUTO  NOLLE PROS
  CAR FIRE ARMS PUB ST/PL   NOLLE PROS
  POSS INSTRUMENTS CRIME    NOLLE PROS
  POSS INSTRU CRIME WEAPON  NOLLE PROS
  PROHIBITED OFFENSIVE WEA  NOLLE PROS
  RECKLS ENDANG PERSON      NOLLE PROS
  TERRORISTIC THREATS       NOLLE PROS
  SIMPLE ASSAULT            NOLLE PROS
  THEFT UNL TAK/DISP        NOLLE PROS
  THEFT REC STOLEN PROPERT  NOLLE PROS
  ROBBERY                   NOLLE PROS


<*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*><*
:94-19-028214 CP#9405-4174 1/1 JUD-LEHRER,S      ARST-05/07/94  SNT-12/06/94
TTY  LISTED FOR,DISPOSITN
  RAPE                      GUILTY PLEA SENT. IMP.  MIN LESS 3YR- 10YR
  INDECENT ASSAULT          NOLLE PROS
  INDECENT EXPOSURE         NOLLE PROS
  SIMPLE ASSAULT            NOLLE PROS
  UNLAWFUL RESTRAINT        NOLLE PROS
  FALSE IMPRISONMENT        NOLLE PROS
  PROMOTING PROSTITUTION    NOLLE PROS
  RECKLS ENDANG PERSON      NOLLE PROS
  TERRORISTIC THREATS       NOLLE PROS
L CORRUPTING MINOR          GUILTY PLEA SENT. IMP.  MIN LESS 3YR- 5YRS
  POSS INSTRUMENTS CRIME    NOLLE PROS
  POSS INSTRU CRIME WEAPON  NOLLE PROS
  CARRY FIREARMS W/O LIC    NOLLE PROS
  FIREARM W/O LICENSE-AUTO  NOLLE PROS
```

BP-S148.055 INMATE REQUEST TO STAFF CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) Mr. Sullivan | DATE: 4/19/05 |
|---|---|
| FROM: Julian Samuels | REGISTER NO.: 57712-060 |
| WORK ASSIGNMENT: Laundry | UNIT: 114 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

I would Like To Request To have a Public Safety
Factor Removed.


SEE Attached


THANK You

_Julian Samuels_

cc: Mr. Sullivan Jr case manager
Julian Samuels
Files
                          (Do not write below this line)

DISPOSITION:


Exhibit ③




| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)            This form replaces BP-148.070 dated Oct 86
                                                and BP-S148.070 APR 94

To: Unit Team
   c/o Mr. Sullivan; Case Manager JA
From: Julian Samuels 57712-066
Date: 4/19/05
Sub: Public Safety Factor

I spoke with Miss Riley, Today and she explained That I can Request for my Public Safety Factor to be Removed.

I would like To request That my sex offense Public Safety Factor be Removed, I committed The crime 10 years ago and has been Thru all The STATE Ran (Place of Confinement) programs pertaining To The offense, I was paroled after a lengthy stay in The STATE prison. I Then maxed out my sentence in July of '04 at That Time (After) I was Convicted a Drug offense & Weapons offense and was sentenced TO 21 (248 months) in Federal Confinement. Sir, I am overwhelm by This situation at This current Time.

I am in The process of my Direct appeal, overturning a prior Conviction, possibly being Re-sentenced under Booker. My intentions are To get into a Correspondence College and Recieve a degree in Paralegal or Business Administration. I Did not graduate High School, however earn my GED Thru my STATE incarceration, at That Time I achieve a certification in The Dept. of Labor as a Material Coordinator and some College credits in Waynesburg College For Business Administration. I actively participated in The Sex offender Program, Achieving approximately 600 hours of Phase 1, 2 & 3 (from 1996-2001) and was paroled because of meeting criteria as a sex offender.

I learn from The Program how I came To Commit my crime and How To Try and prevent myself from Re-offending. By learning How To USE my Cycle, with my life story, I got a better understanding

Page 2 of 3

Of The Type of Person I was at The Times I committed said offense.

I am Asking That you consider This Request, because Sir I learn what empathy meant Thru That Program and Realizing That I have a younger sister and never wanting her to go thru what I put my victim (in my case) Thru, it made me more concious of people and Their individuality and Rights as a human being. More Important Their Right to say No.

Sir, I No That This was (is) a serious offense, but sir I have 21 years To Deal with a Decision That was Poorly chose. I would like To move on and Deal with my court issues and continue To Do my Time with as much benifits as possible (Trades, school, UNICOR, etc...).

Thank you for your Time & cooperation in This matter!

Respectfully

57712-066

CC: Mr. Sulliyian, JA Case Manager
Julian Samuels Inmate #57712-066
Files

Page 3 of 3

**SAMUELS, Julian**
**Reg. No. 57712-066**
**RESPONSE TO INMATE REQUEST TO STAFF**
**April 20, 2005**

This is in response to you Inmate Request To Staff received on April 20, 2005, requesting the removal of your Public Safety Factor of Sex Offender.

According to your Presentence Investigation Report, on December 6, 1994, you plead guilty to Rape and Corruption of Minors, in the Philadelphia Court of Common Pleas. As a result, you were sentenced to two years and three months to ten years imprisonment. According to police reports, you raped a 17 year old female in your room at gunpoint.

According to Program Statement 5100.07, Chapter 7, Page 2: The "Sex Offender" PSF is to be applied to a male inmate whose behavior, during his current term of confinement or prior history, includes "engaging in sexual contact with another person without obtaining permission to do so, . . . any sexual contact with a minor or other person physically or mentally incapable of granting consent . . . [and/or] . . . any offense referenced in the Sex Offender Notification and Registration Program Statement."

Although your sex offense occurred many years ago, your conviction of this crime is sufficient for the application of the PSF. There is no provision to allow for removal of the PSF based on offense date. Therefore, the PSF will not be removed.

I trust this addresses your concern.


D. Sullivan
J Unit Case Manager

BP-S148.055 INMATE REQUEST TO STAFF CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                              FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) Dr. Reniaud Psychology | DATE: 4/20/05 |
|---|---|
| FROM: Julian Samuels | REGISTER NO.: 57712-0ᵤₒₒ |
| WORK ASSIGNMENT: Laundry | UNIT: JA |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

I would like to speak with you about the Somp. Program I am not in on an Sex Offense And was not Prescribe in my Sentencing order for a Somp Program. However, if you Check with the PA. DOC. you will find That I have at least 600 hours in Program (S.O.P.) and was Favorably Parole, I max out That Sentence which is 10 years; almost 11 now. MA'm, I would like to speak with you about This Situation because I have 21 years for a Drug Conviction and would like to get all the benifits of a Regular institution (correspondent colleys, Thades, ivvucor And college Programs). I was in and Landscape ~~Feature~~ Trade and was Pull out of that Because of This Past Act That was already Finished. Please Respond or Call me to see you. Thank you for your Time & Cooperation in This matter! Respectfully

(Do not write below this line)

DISPOSITION:

Mr. Samuels,
    you have been placed on callout for
later this week

| Signature Staff Member | Date 4-20-05 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)                    This form replaces BP-148.070 dated Oct 86

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                              FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Dr Redaud  Pyschology Dept | 4/12/05 |
| **FROM:** Julian Samuels | **REGISTER NO.:** 57712-066 |
| **WORK ASSIGNMENT:** LaunDry | **UNIT:** JA 114 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

I would like To See you about The Reason I am
here for your Program. I Do NOT understAND This situation
because, I Do not have a Sex offense. I would like To
Discuss This with you in PRIVATE. As soon As possible, in order
To spread some light on This situation And Rectify This process
so I can go on with my time.

Thank you for your TIME & Cooperation in This matter!

Respectfully

(Do not write below this line)

DISPOSITION:

See response to other cpmt

| Signature Staff Member | Date |
|---|---|
|  | 4-28-05 |

Record Copy - File  Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

NAME: _Julian Samuels_                    REGISTER NUMBER: _57712-066_

Federal Medical Center
Devens, MA

## ADMINISTRATIVE REMEDY PROCEDURES FOR INMATES
## INFORMAL RESOLUTION FORM

NOTE TO INMATE: You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9 (BP-229(13), you must attempt to informally resolve your complaint through your Correctional Counselor. Briefly state one complaint below and list what efforts you have made to resolve your complaint informally, state the names of staff contacted and the relief that you are requesting.

DATE FORM ISSUED AND INITIALS OF CORRECTIONAL COUNSELOR: _RW_ _4/21/05_

Unit _J_

## INMATE'S COMMENTS:

1. Complaint: I am seeking to have my Public Safety factor Removed, I am being Forced to participate in a Program That is not Connected to my current crime and happen 11 years ago In Which I Received Programming for ('96-01). I would not like to participate in This Program, because I have serve my sentence & Completed my Programming for it already; but however I am still being force to Partake in The Program (S.O.M.P.) I seek To Remove my PSF, so it can Return to my original Institution and continue focusing on my direct appeal.

2. Efforts made by you to informally resolve: I spoke with a Psychologist and was explain to Deal with U.T. Team about Removal of PSF Spoke & Wrote a Detail Copout to Case Manager was Explained That could not be Removed. Then Spoke with Head of SOMP Program, and was explained it can be Removed by Regional Director (5100.07, P. 6A)

3. Names of staff you contacted: Miss Riley, psychology; Mr. Sullivan, Case Manager (JA); Miss Renaud (DR) staff Psychology.

4. Relief Requested: That The P.S.F. Be Removed And I been Returned To Institution was prior to Transferring To FMC Devens. And Release from Any obligations of This Program.

Be returned to counselor: _____

DEV 1330.13B
April 20, 2001
Attachment A

INFORMAL RESOLUTION INSTRUCTIONS: STAFF MUST COMPLETE AND ATTACH THE ORIGINAL OF THIS FORM TO EACH BP-9 WHEN THE COMPLAINT CANNOT BE INFORMALLY RESOLVED. THE BP-9 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM, EXCEPT THOSE APPEALING UDC ACTIONS. INFORMAL RESOLUTION FORMS WILL NEVER BE GIVEN TO THE INMATE TO COMPLETE.

NAME: Samuels, Julian   REG. NO.: 57712-066   UNIT: J-A

DATE BP-9 REQUESTED: _____

DATE BP-9 ISSUED    : _____

DATE BP-9 RETURNED  : _____

INMATE'S COMPLAINT:
I am seeking to have my Public Safety Factor removed.

RELIEF REQUESTED:
I want my Public Safety Factor removed, to be returned to my prior institution and to be released from any obligation to this program.

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT:
You have plead guilty to Rape and Corruption of minors in the Philadelphia Court of Common Pleas on December 6, 1994. You were sentenced to two years and three months to ten years imprisonment. In accordance with Program Statement 5100.07, the "Sex Offender" PSF is to be applied to a male whose behavior, during confinement or prior history, includes "engaging in a sexual conduct with another person without obtaining permission to do so, ...any sexual contact with a minor or other person physically or mentally incapable of granting consent...[and/or]...any offense referenced in the Sex Offender Notification and Registration Program Statement." In your particular case you raped a 17 year old female at gunpoint, which is enough to meet the PSF criteria and will not be removed.

Due to this offense you have been designated to participate in the Sex Offender Management Program. Unfortunately for you, you do not have a choice in this matter. Participation in the SOMP is mandatory and a transfer request will not be considered. Questions about the program may be submitted to Dr. Reneau.

This issue has already been addressed and discussed before with you previously, hence your request is denied.

CORRECTIONAL COUNSELOR: _____   DATE: 04-29-2005

UNIT MANAGER'S COMMENTS/ASSISTANCE:
Unable to comply. You are designated as a Sex Offender to FMC Devens

UNIT MANAGER: _____   DATE: 4/29/05

**U.S. DEPARTMENT OF JUSTICE**                                    **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

---

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: _____  _____  _____  _____

        LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.         UNIT         INSTITUTION

### Part A– INMATE REQUEST

_____  DATE

                     SIGNATURE OF REQUESTER

### Part B– RESPONSE

 

_____                    _____

        DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**THIRD COPY: RETURN TO INMATE**                    CASE NUMBER: _____

---

                                  CASE NUMBER: _____

### Part C– RECEIPT

Return to: _____  _____  _____  _____

          LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.         UNIT        INSTITUTION

SUBJECT: _____

_____                    _____

        DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                                     BP–229(13)
                                                             APRIL 1982

**FEDERAL MEDICAL CENTER, DEVENS, MASSACHUSETTS**
**RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #377310-F1**

This is in response to your Request for Administrative Remedy in which you request to have the Public Safety Factor (PSF) of "Sex Offender" removed from your records.

An investigation into your request revealed the following. Pursuant to Program Statement 5100.07, Security Designation and Custody Classification Manual, Chapter 7, Page 1, PSFs "are certain factors which require increased security measures to ensure the protection of society." Additionally, it is noted that "a conviction is not required for application of this PSF if the PSI (Presentence Investigation Report), or other official documentation, clearly indicates the following behavior occurred in the current term of confinement or prior criminal history. . . . In the case where an inmate was charged with an offense that included one of the following elements, but as a result of a plea bargain was not convicted, application of this PSF should be entered." Id., page 2. The criteria for the "Sex Offender" PSF is to be applied to a male inmate whose behavior, during his current term of confinement or prior history, includes "any sexual contact with a minor or other person physically or mentally incapable of granting consent" and/or "any offense referenced in the Sex Offender Notification and Registration Program Statement." Id.

According to your PSI, on May 6, 1994, you were charged with Rape, and Corruption of Minors in which the offense description indicates you raped a 17-year-old girl at gunpoint. Subsequently, on December 6, 1994, you pled guilty and received an indeterminant sentence of two years and three months to ten years. Since your guilty plea constitutes a finding of guilt, I find the "Sex Offender" PSF is appropriately applied.

Based on the above, your Request for Administrative Remedy is denied.

If you are not satisfied with this decision, you may appeal to the Regional Director at: Bureau of Prisons, Northeast Regional Office, U.S. Customs House - 7th floor, 2nd and Chestnut Streets, Philadelphia, Pennsylvania, 19106. Your appeal must be received in the Northeast Regional Office within 20 days of this response.

_____
David L. Winn, Warden

_____
Date  6/8/5

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: JULY 6, 2005

FROM: ADMINISTRATIVE REMEDY COORDINATOR
        NORTHEAST REGIONAL OFFICE

TO  :  JULIAN SAMUELS, 57712-066
        DEVENS FMC      UNT: J SOMP      QTR: J01-114U
        P.O. BOX 880
        AYER,  MA 01432


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID        : 377310-R1        REGIONAL APPEAL
DATE RECEIVED    : JULY 5, 2005
SUBJECT 1        : PUBLIC SAFETY FACTOR APPEALS
SUBJECT 2        :
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.

REMARKS          : YOU MUST PROVIDE WRITTEN VERIFICATION FROM STAFF ON
                 BOP LETTERHEAD INDICATING YOUR UNTIMELINESS WAS NOT
                 YOUR FAULT. YOUR APPEAL WAS DUE BY 06-30-2005.



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Medical Center, Devens*

---

P.O. Box 880
Ayer, MA 01432

July 13, 2005

## MEMORANDUM FOR ADMINISTRATIVE REMEDY COORDINATOR

FROM: N. L. Patterson, Unit Manager

SUBJECT: SAMUELS, Julian   #57712-066

This is in response to your Rejection Notice - Administrative Remedy dated July 6, 2005, and received by inmate Samuels on July 11, 2005. Although BP-9 #377310-F1 was signed by the Warden on June 8, 2005, the BP-9 indicates it was delivered to inmate Samuels on June 13, 2005, by LG. Please be advised LG are the initials of Ms. L. Granados the former J Unit Secretary. The delay of the BP-10 to your Office was not the fault of the inmate. Due to this fact the inmate exceed the normal 20 day limit on filing his appeal.

**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

JG 06/13/05

---

Type or use ball–point pen. If attachments are needed, submit four copies. One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

From: Samuels, Julian E.        57712-066        JA-114        F.M.C. Devens

LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL**

Request to remove me from the FMC Devens SOMP program that was not created for my criminal past conduct. The Preliminary hearing ( state court ) shows that I was engaged in a proposition, money for sex, at the age of 20 with a girl who was known to have sex for money. I was only one of a few men that dealt with her on that level.

It was never found that I had any kind of problem that is listed under the FMC Devens SOMP program that was created to treat people who are sick and acted under the Federal statute in violation of the Child Protection Act. My past crime of promoting prostition, ~~attempting the murder of unarmed rape~~ does not in any way attach under the Federal Statute under the Child Protection Act. I am suffering harm by being deprived program's for education that would have been available to me at the prison I was removed from. Also, I am being deprived of work opportunity that would insure F.R.P. payments on time and opportunity to save money for future, as it stands my family is bearing the burden of my crime ( F.R.P. Payment ), because there is no Unicor or opportunity to pay the fine myself. ~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX and prohibitory~~

June 29, 2005

DATE                    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

---

DATE                                        REGIONAL DIRECTOR        R-2

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: 377310-R1

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____

LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

USP LVN    DATE        Previous editions not usable        SIGNATURE, RECIPIENT OF REGIONAL APPEAL        BP–230(13)
APRIL 1982

**SAMUELS, Julian**
Reg. No. 57712-066
Appeal No. 377310-R2
Page One

---

### Part B - Response

You appeal the decision of the Warden at FMC Devens denying your request that the Public Safety Factor (PSF) be removed because the conviction occurred over 10 years ago and you served your sentence.  You claim you were wrongfully placed in the Sex Offender Management Program (SOMP).  You state the SOMP was not created for your criminal past conduct.  As relief, you request to be removed from the SOMP.

Program Statement 5100.07, <u>Security Designation and Custody Classification Manual</u>, indicates the PSF, Sex Offender, will be applied for an inmate whose behavior in the current term of confinement or prior history involved engaging in sexual contact with another person without permission to do so (forcible rape, sexual assault or sexual battery).  The PSF shall be applied if the behavior involved any sexual contact with a minor or other person physically or mentally incapable of granting consent.  Records indicate, on December 6, 1994, you were convicted of Rape and Corruption of Minors.  Based on this prior conviction, we find the PSF of Sex Offender is appropriately applied and you were properly placed in the SOMP program.  Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons.  Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: August 15, 2005

D. SCOTT DODRILL
Regional Director